**Viateur COMMEREE, Appellant,**

v.

**Alan M. HANTMAN, Architect of the Capitol, Appellee.**

No. 00–5308.

United States Court of Appeals, District of Columbia Circuit.

Nov. 21, 2001.

Rehearing and Rehearing En Banc Denied Jan. 22, 2002.

Before SENTELLE, HENDERSON, and TATEL, Circuit Judges.

*JUDGMENT*

PER CURIAM.

These cases were heard on the record from the United States District Court for the District of Columbia and on the briefs and arguments by counsel. After according the briefs and arguments full consideration, the court has determined that the issues occasion no need for a published opinion. *See* D.C.Cir. Rule 36(b).

We affirm the district court's dismissal of appellant Commeree's Americans with Disabilities Act claim because the record establishes that Commeree was not "otherwise qualified" within the meaning of the Act. *See* 42 U.S.C. § 12112; *see also* Congressional Accountability Act, 2 U.S.C. §§ 1311, 1331 (extending the ADA to congressional employees). Like the district court, we base this conclusion in part on the March 21, 1996 letter from Commeree's doctor to Lawrence Stoffel, Superintendent, Senate Office Buildings. Commeree cannot object to our reliance on this letter as he himself submitted it–in triplicate–to the district court in response to Appellees' motions to dismiss.

Reviewing de novo Appellant's retaliatory dismissal claim, we find that Commeree failed to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The record indicates that Appellees fired Commeree because he refused either to return to his job or to accept a position better suited to his abilities. This is a legitimate rationale for terminating an employee: Contrary to appellant counsel's assertion at oral argument, the law does not generally grant employees the right to continue to receive payment for jobs they decline to perform. Commeree points to nothing in the record to suggest that this

legitimate rationale for his termination was pretextual.

In all other respects, we affirm substantially for the reasons given by the district court.

ORDERED that the judgment of the district court be affirmed.

The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C. Rule 41(a)(1).